UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DUANE HUSS,

    Plaintiff,

v.                                             Case No. 23-C-495

FEDERAL GOVERNMENT,

    Defendant.

## ORDER

On April 17, 2023, Plaintiff Travis Duane Huss, proceeding *pro se*, filed this action against Defendant "the federal government," asserting violations of his rights under the Fifth and Fourteenth Amendments of the United States Constitution. On May 10, 2023, the court dismissed the action for failure to state a claim upon which relief could be granted. The Clerk entered judgment the same day. On May 19, 2023, Plaintiff filed a notice of appeal, Dkt. No. 10, as well as motions for reconsideration or clarification, a protective order, a cease-and-desist order, and appointment of counsel. *See* Dkt. Nos. 7–9 & 11.

"[O]nce a notice of appeal is filed with the district court it is divested of jurisdiction over the case, and the appellate court assumes jurisdiction." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 731 (7th Cir. 2001); *see also Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008); *Brenner v. C.F.T.C.*, 338 F.3d 713, 722 (7th Cir. 2003). Because Plaintiff's various motions involve aspects of the case involved in the appeal, the court is without jurisdiction over them.

But even if the court were not divested of jurisdiction over the motions, they are meritless and would be summarily denied. *See, e.g.*, *White v. United States*, No. 07-CV-262, 2010 WL 3835255, at *1 (E.D. Wis. Sept. 27, 2010) (stating that further "meritless motions" would be

"summarily denied as to prevent the court expending any more of its limited resources"). With respect to Plaintiff's motion for reconsideration and clarification, Plaintiff has not demonstrated that this court made any manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). The court is unable to "advise" either party in an action how to successfully plead their case, and this court's previous order explained why the only named defendant, "Federal Government," was not a proper party. *See* Dkt. No. 5. Plaintiff's motions for a protective order and a cease-and-desist order amount to a motion for a temporary restraining order. To secure a temporary restraining order, Plaintiff must establish, among other things, a likelihood of success on the merits. *See Cassell v. Snyders*, 990 F.3d 539, 544–45 (7th Cir. 2021) (internal quotation marks and citations omitted). Plaintiff cannot demonstrate a likelihood of success on the merits, however, because he has not even stated a viable claim for relief. Moreover, this case is closed; therefore, Plaintiff has no need for appointed counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration and clarification (Dkt. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for a protective order and a cease-and-desist order (Dkt. Nos. 8–9), which the court construes as motions for a temporary restraining order, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 11) is **DENIED**.

Dated at Green Bay, Wisconsin this 24th day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge